**CORAL GABLES, Inc., v. SKEHAN.**

**Civil Action No. 62.**

District Court, D. New Jersey.

Oct. 16, 1942.

Louis Rotberg, of Newark, N. J., for plaintiff.

Morrison, Lloyd & Morrison, by John W. Griggs, all of Hackensack, N. J., for defendant.

FAKE, District Judge.

On November 2, 1925, Coral Gables Corporation entered into two certain contracts whereby it bound itself to convey by deed of warranty to one Gilbert H. Chaplin, Lots 24 and 25 in Block 227 of Riviera Section of Coral Gables, according to a plot of said Section prepared by W. C. Bliss, Civil Engineer; the purchase price of each lot being $6,750, on account of which Chaplin paid the sum of $1,687.50, on each lot, the payment of which sums on account the contracts respectively acknowledged, and pursuant to the terms of the contracts Chaplin executed and delivered to Coral Gables Corporation two certain promissory notes of even date with the contracts to cover the balances on each lot, to wit, for $5,062.50 each, the same to be payable in thirty-six consecutive monthly payments, with interest at 7% per annum payable semi-annually. The balance remaining unpaid to fall due in full in the event of ten days default on any monthly payments.

Thereafter and on the 10th day of December, 1925, the said Chaplin, by assignments in writing, sold, assigned, transferred and set over to Homer I. Skehan, the defendant herein, all of his right, title and interest of, in and to the contracts of sale above mentioned and the lands therein described. The said Skehan in turn, and in the said assignments, agreed over his signature that he would pay the balances due under the contracts of sale in the manner therein provided, and perform all the obligations thereunder which Chaplin had undertaken and would save Chaplin harmless against all claims and demands arising under the terms of the contracts.

At the time the contracts first above mentioned were entered into Coral Gables Corporation was the owner of the premises in question and thereafter by mesne conveyances the title became vested in the plaintiff, Coral Gables, Inc., and by mesne assignments plaintiff also became vested with the rights and titles of Coral Gables Corporation in and to the contracts and notes above referred to, all prior to the institution of this suit. The notes were negotiable instruments under seal and the contracts were by their terms assignable under certain conditions.

■ Plaintiff alleges generally in its complaint the performance of all conditions precedent as appears by paragraph 11 of the first count and paragraph 8 of the second count, the language of which, for present purposes, is identical. In the same paragraphs the plaintiff further alleges ability and willingness to convey and further alleges tender prior to the institution of this suit. Thus it will be noted, setting up three separate and distinct statements in one paragraph contrary to Rule 10(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. To this triplicate allegation the defendant interposes its answer as follows: "Paragraph 11 is denied." And the like appears as to paragraph 8, which answer is bad as to the general allegation of performance of conditions precedent since Rule 9(c) expressly provides that such denial shall be made specifically and with particularity. It is good however as to the other two allegations contained in paragraphs 11 and 8, and plaintiff is thereby placed in a position where it must affirmatively prove ability and willingness to convey and also a valid tender. However, in the second affirmative defense defendant pleads that neither the plaintiff nor its predecessor in title, Coral Gables Corporation, were ready, willing and able to perform at the time stipulated in the contracts and time was of the essence. In this connection it appears that had all payments been made pursuant to the terms of the contracts deeds should have been tendered on January 1, 1929. The contracts are silent as to the place where tender was to be made, but it appears from the evidence that a deed covering the two lots in question was tendered to the defendant at Hackensack, New Jersey on October 31, 1938, and the tender was refused.

While it is true that the tender was made by the plaintiff corporation which is not the same corporation with which Chaplin contracted and the defendant had no direct dealings with the plaintiff here, yet it does appear that the contract of November 2, 1925, was assignable and the record before me discloses that the rights and liabilities thereunder duly passed to the plaintiff and the defendant became liable to perform all that Chaplin might have been called upon to do.

■ It is settled law in the State of Florida that the notes sued on here are instruments under seal and such obligations are not outlawed in the State of Florida until after the lapse of twenty years (Comp. Gen.Laws Fla. Sec. 4663); such time has not elapsed.

■ It is argued that the tender was late; that time was of the essence of the contract and therefore the tender was ineffective. While it is true that time is of the essence in such contracts, surely this defendant cannot be heard to raise any issue on that point since he has been the defaulting party from the time the first payment become due under his agreement. Aside from the statute of limitations, time could not start to run against this plaintiff until defendant made tender of payment and this defendant has never done. Plaintiff and its predecessors in title have stood ready, willing and able to perform at any time when called upon.

Judgment may be entered for the plaintiff and against the defendant for the full amount of principal due on the two notes together with interest from the first default, pursuant to Florida law.