**Frank SEXTON, Plaintiff,**

v.

**THE AMERICAN NEWS COMPANY,
a foreign corporation, Defendant.**

**Civ. No. 140–G.**

United States District Court
N. D. Florida, Gainesville Division.

Sept. 17, 1955.

---

Gray, Waldo Chandler & Mills, Gainesville, Fla., for plaintiff.

Boggs & Gibbs, Jacksonville, Fla., for defendant.

DE VANE, Chief Judge.

This is a suit for libel in which plaintiff charges that defendant "falsely, wickedly and maliciously published and circulated" throughout the United States, Florida and in Alachua County, Florida, an issue of Everybody's Digest containing an article allegedly libelous of plaintiff.

The pleadings show that Everybody's Digest is published by W. J. Smith Publishing Company, a corporation that does no business in the State of Florida; that the defendant purchases all copies of this magazine, with certain exceptions not important here, and then resells the copies to the trade.

The question presented by the pleadings is whether, assuming the article to be libelous as charged, plaintiff may recover from the defendant, by reason of its activity in the distribution of the magazine containing the libelous article.

Defendant's second defense disclaims liability on the ground that defendant neither knew of nor had any cause or reason to know of or to inquire into the allegedly libelous matter concerning plaintiff contained in the issue of Everybody's Digest in question. Plaintiff filed a motion to strike the second defense and defendant filed a motion for summary judgment with supporting affidavits attached thereto. Both motions came on to be heard by the court at the same time and, after argument, the court denied plaintiff's motion to strike the second defense and denied defendant's motion for summary judgment, announcing at the time it did so that in cases of this class it was unwilling to grant the motion for summary judgment based entirely upon ex parte affidavits submitted in support thereof.

Following this decision of the court on the motion for summary judgment, defendant, on proper notices, took depositions of a number of witnesses, in support of the second defense. It also propounded interrogatories to plaintiff, following which it renewed its motion for summary judgment, and the case

is now again before the court on these depositions and interrogatories.

On argument of the motion, counsel for plaintiff did not seriously question the sufficiency of the evidence to support the allegations of the second defense, to the effect that the particular issue of Everybody's Digest, complained of, was handled by defendant in the regular course of business; that defendant neither had knowledge of, nor any cause or reason to know of, or to inquire into the allegedly libelous article; that defendant had no editorial control of the magazine involved; and that defendant does not, in the routine course of business, familiarize itself with the contents of the publications it distributes, and did not, in this instance.

The only issue raised to the court on argument, by counsel for plaintiff, was whether or not the defendant was negligent in failing to familiarize itself with the contents of the publication in question and thereby learn of the allegedly libelous matter about plaintiff. Plaintiff contends this is a jury question and not one for the court. In support of this position counsel for plaintiff relies on Hartmann v. American News Company, D.C., 69 F.Supp. 736, and similar statements found in Newell on Slander and Libel, 4th Ed., page 237, Sec. 192 and Hartmann v. American News Company, 7 Cir., 171 F.2d 581.

■ In denying the motion to strike the second defense this court held that it is a good defense for a vendor to show he neither knew nor ought to have known that the paper he was selling contained libelous matter. The evidence in this case establishes, without contradiction, that defendant had no knowledge that the paper it was selling contained the libelous article, nor was anything done by the publishers, or by anyone in its behalf to put defendant on notice.

■ The law is well settled in this Circuit that the purpose of Rule 56, Federal Rules of Civil Procedure, 28 U.S. C.A., is to avoid unnecessary trials, and where evidence is taken in support of a motion for summary judgment it is the duty of counsel for both parties to fully disclose all evidence bearing on the issue raised by the motion. If, on such disclosure, it appears that only one verdict could be rendered, it is the duty of the court to enter judgment in accordance with the showing made. Sartor v. Arkansas Natural Gas Corp., 5 Cir., 134 F.2d 433; American Insurance Company v. Gentile Bros. Company, 5 Cir., 109 F.2d 732; Town of River Junction v. Maryland Casualty Company, 5 Cir., 110 F.2d 278. Board of Public Instructions v. Meredith, 5 Cir., 119 F.2d 712. See, also, Radio City Music Hall Corp. v. U. S., 2 Cir., 135 F.2d 715.

■ It will serve no useful purpose to enter into an analysis of the supporting proof offered in this case. It is sufficient to say that the testimony is uncontradicted and that it shows beyond dispute that the defendant neither knew nor was anything done by the publisher of Everybody's Digest, nor by anyone in its behalf, to put defendant on notice that the issue of the magazine in question contained libelous matter about the plaintiff. And since this court held, on plaintiff's motion to strike the second defense, that in absence of such knowledge or notice, no duty rested definitely on defendant to familiarize itself with the contents of the publication in question and thereby learn of the allegedly libelous matter about the plaintiff, there remains nothing for the court to do in this case but grant defendant's motion for summary judgment.

If an error has been committed in this case it was committed when the court denied plaintiff's motion to strike the second defense and not in the action of the court in granting defendant's motion for summary judgment.

An appropriate judgment will be entered in accordance with this memorandum decision.