John W. BARNARD, Executor of the Estate of Susan P. Barnard, Deceased,

v.

PENNSYLVANIA RANGE BOILER COMPANY, Inc., Pennsylvania-Bradford Appliance Corp., Frick Company and Robertshaw-Fulton Controls Company.

Civ. A. No. 31887.

United States District Court
E. D. Pennsylvania.

Dec. 26, 1962.

Freedman, Landy & Lorry, by Morris S. Finkel, Philadelphia, Pa., for plaintiff.

Murphy & Senesky, by John F. Dougherty, Jr., Philadelphia, Pa., for defendant.

WOOD, District Judge.

We have before this Court a Motion to Dismiss under Rule 12(b) (6) of the Federal Rules of Civil Procedure or in the alternative a Motion for a More Specific Complaint brought pursuant to F.R.C.P. 12(e).

This is an action for damages arising out of injuries resulting in the death of plaintiff's decedent in the State of Massachusetts.

As to parties, we have one (1) plaintiff and four (4) defendants. The disputed averments in the Complaint read as follows:

"6. On or about August 20, 1960, the plaintiff's decedent was lawfully on the premises of a dwelling located at Depot Road, Truro, Massachusetts, when certain gas equipment located thereon exploded and burned due solely to the carelessness and negligence of the defendants, and each of them, and by reason of the breach by the said defendants, and each of them, of warranties, expressed and implied, as a consequence of which the plaintiff's decedent suffered severe and disabling injuries and endured great pain and suffering, from which she died on or about August 22, 1960.

"7. The aforesaid explosion and resulting death suffered by the plaintiff's decedent were the proximate cause of the carelessness and negligence and the breach of express and implied warranties by the defendants, and each of them, in the production, sale, delivery, servicing, installation and/or maintenance of the said gas equipment and/or component parts thereof for the said dwelling."

Pleadings are given a liberal construction by the Federal Courts. However, we do have certain basic standards and rules which should be followed. Among these rules is F.R.C.P. 10(b), dealing with the paragraphs of a claim or defense, which states:

"Paragraphs; All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a *single set of circumstances;* and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the *clear presentation* of the matters set forth." (Emphasis supplied)

Plaintiff's Complaint does not conform to this rule. Even a cursory reading of the disputed averments in paragraphs 6 and 7 show a haphazard intermingling of negligence allegations with breach of warranty claims. This makes it extremely difficult if not impossible for each of these four defendants to answer this Complaint. Some may be only guilty of negligence and others may be only guilty of breach of warranty. This pleading is not within the spirit and intent of F.R.C.P. 10(b). Coral Gables, Inc. v. Skehan, 47 F.Supp. 1 (D.C.N.J. 1942). Also see O'Donnell v. Elgin, J. & E. R. Co., 338 U.S. 384, 392, 70 S.Ct. 200, 94 L.Ed. 187 (1949); and 2 Moore's Federal Practice 2010 (2d Ed. 1948).

F.R.C.P. 18(a) "expressly permits either party to join in the same action as many independent or alternate legal or equitable claims as such party may have against the other." Federal Practice and

Procedure, Barron and Holtzoff § 501. While this is undoubtedly true, *Rule 18 (a)* must be read in conjunction with *Rule 8(a)* which requires the pleader to aver,

> "(2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *" (Rule 8(a) F.R.C.P.)

Paragraph 7 of this Complaint doesn't even make sense, let alone state a cause of action. This paragraph states:

> "The aforesaid explosion and resulting death suffered by the plaintiff's decedent were the *proximate cause* of the carelessness and negligence and the breach of express and implied warranties by the defendants * * *"

It is beyond this Court's comprehension how an explosion and death can be the *proximate cause* of carelessness and negligence. Also, paragraph 6 fails to allege what warranties were breached by the defendants. Surely, in an action alleging $480,000.00 worth of damages, the defendants are at least entitled to this information.

 This Complaint presents another more fundamental defect in this pleading. The law in the Third Circuit is to the effect that a wrongful death action in Pennsylvania cannot be brought for breach of warranty. We have so held in the recent case, Sacks v. Creasy, D.C., 211 F.Supp. 859. Also, our learned colleague Judge Kraft has said in Frankel v. Styer, 201 F.Supp. 726, 727 (D.C.Pa. 1962):

> "We agree with the defendant that 'there is no such thing in the law of Pennsylvania as an action for wrongful death based on breach of warranty.'"

Both briefs submitted by the respective parties are devoid of any reference to Massachusetts' law [1] which would allow a wrongful death action for breach of warranty. Until this Court has been satisfied by the plaintiff's counsel that Massachusetts' law allows a wrongful death action based on breach of warranty as well as negligence, we have no alternative but to grant the defendants' Motion to Dismiss, without prejudice.

---

1. Mass.Ann.Laws, Ch. 229 § 2 (1958), Damages for Death by *Negligence*, etc. (Emphasis supplied).