John W. BARNARD, Executor of the Estate of Susan P. Barnard, Deceased

v.

PENNSYLVANIA RANGE BOILER COMPANY, Inc.,

Pennsylvania-Bradford Appliance Corp., and Robertshaw-Fulton Controls Company.

Civ. A. No. 31887.

United States District Court E. D. Pennsylvania.

April 30, 1963.

Freedman, Landy & Lorry, by Milton M. Borowsky and Morris S. Finkel, Philadelphia, Pa., for plaintiff.

Murphy & Senesky, by John F. Dougherty, Jr., Philadelphia, Pa., for Pennsylvania Range Boiler Co., Pennsylvania-Bradford Appliance Corp., and Frick Co.

Pepper, Hamilton & Scheetz, by John B. Hannum, Philadelphia, Pa., for Robertshaw-Fulton Controls Co.

WOOD, District Judge.

Once again,[1] we are asked to rule upon the defendants' motion to dismiss the plaintiff's amended complaint on the ground that it does not state a claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 12(b) (6).

This is an action for damages arising out of injuries resulting in the death of the plaintiff's decedent in Massachusetts when a water heater exploded in her cel-

1. Barnard v. Pennsylvania Range Boiler Co., Inc., 32 F.R.D. 58 (E.D.Pa.1962).

lar. One of the theories of relief is that the defendant manufacturers were guilty of various breaches of express and implied warranties with reference to the water heater. As between the manufacturers and the decedent, she was a *subsubpurchaser* of this water heater, having purchased it from the former owner of the dwelling to which it was affixed. The *subpurchaser* bought the water heater in 1957 from a *dealer* in Massachusetts who had purchased the appliance from the manufacturer, Robertshaw-Fulton Controls Company.

At the time of this purchase in 1957, the sales act[2] was in effect in Massachusetts and want of privity was an absolute defense to an action for breach of an *express* or an *implied* warranty. Carter v. Yardley & Co., 319 Mass. 92–96, 64 N.E.2d 693, 164 A.L.R. 559 (1946); Sullivan v. H. P. Hood & Sons, Inc., 341 Mass. 216, 223, 168 N.E.2d 80 (1960).

Since this cause of action and the alleged "sale" took place in Massachusetts, we must apply Massachusetts' law. Plaintiff's decedent, being a *sub-subpurchaser*, could never have been in privity with any of the defendant manufacturers.

Therefore, insofar as the plaintiff's complaint alleges a breach of warranty as giving rise to his cause of action for damages, we grant the defendants' motion to dismiss. The plaintiff still has a complete remedy under his theory of the alleged negligence of the defendants. In all other respects we hold that the plaintiff's amended complaint is sufficient to state a cause of action.

### ORDER

And now, this 30th day of April, 1963, the defendants' motion to dismiss is granted in regard to the plaintiff's claim for breach of warranty.

---

**2.** Annotated Laws of Mass., Chap. 106 §§ 14, 17 [Now M.G.L.A. c. 106 §§ 2–313(1) (a), (2), 2–314 (2a), (3), 2–315, 2–316 (1), (3) (b), 2–317(c)].