384 P.2d 229

**Lloyd McMINN and Elizabeth McMinn, his wife, Plaintiffs-Appellants, and Cross-Respondents,**
**Edward L. Powell, dba Powell Real Estate, Additional Defendant, and Respondent,**

v.

**Gordon HOLLEY, Grove Kunz and Ivan Kunz, Defendants-Respondents, and Cross-Appellants.**

**No. 9269.**

Supreme Court of Idaho.

Aug. 1, 1963.

W. Lloyd Adams, Mary Smith, Rexburg, for appellants.

Thomas C. Whyte, Idaho Falls, Rigby & Thatcher, Rexburg, for additional defendant and respondent Powell.

McFADDEN, Justice.

Lloyd McMinn and Elizabeth McMinn, the appellants and cross-respondents (herein referred to as plaintiffs and vendors) owned farming property near Rexburg, Idaho. They had listed this property for sale with Mr. Powell, a real estate broker, named in this action as an additional de-

fendant. In December, 1959, he approached the respondents and cross-appellants, (herein referred to as either defendants or purchasers), concerning the McMinn property. In February 1960, they, as prospective purchasers, met with the McMinns at the farm property to discuss the possibility of a sale of the property. At that time the property was covered with snow.

On March 3, 1960, a so-called "Receipt and Agreement to Purchase", on a printed form, was presented for signature by the real estate broker. This form was filled in by the broker, without the assistance or advise of an attorney, and it was executed by the McMinns and the prospective purchasers, none of whom first consulted with an attorney.

About the first of April, 1960, the defendants took possession of the farming property and the plaintiffs took possession of certain residence property in Rexburg, which under the terms of the "Receipt and Agreement to Purchase" was to be transferred by the purchasers to the vendors as the down payment on the farm. Under the alleged agreement the purchasers were to pay $40,000 for the real property, payable $4,150.09 down (which was the agreed value of their equity in the Rexburg residence, which was to be transferred to the vendors). This instrument also provided: "A loan in the amount of $7,000.00 is to be secured on farm by sellers and purchasers, paying off existing loan and balance to sellers. Purchasers to make payments on this loan and pay balance of $28,849.91 at 6% int. Payable $300.00 monthly".

On March 10, 1960, Lloyd McMinn, Ivan Kunz and Grove Kunz submitted an application through the National Farm Loan Association for a $7,000 loan from the Federal Land Bank. Later financial statements were taken from Ivan Kunz and Grove Kunz; still later Gordon L. Holley submitted his financial statement.

The purchasers later became dissatisfied with the prospective purchase, and on May 20, 1960, advised the vendors in writing as follows: "You are hereby notified that the said Grove Kunz, Ivan Kunz and Gordon Holley, intend to and do hereby rescind the contract entered into between you and them on March 3, 1960." In the letter, the purchasers offered to restore possession of the farming property, conditioned upon restoration by the vendors of the town property considered as the down payment. Nevertheless, no retransfer of possession of either property was ever made even to the date of trial of the action in April, 1962.

Subsequently a more formal agreement was prepared by attorneys, making adjustments concerning the purchase price and the amount of loan to be secured, which was acceptable to the plaintiffs, but never signed by any of the parties.

No cash payments were made under the provisions of the "Receipt and Agreement to Purchase" by the defendants; defendants, however, made certain payments on the Rexburg residence property, and did some land levelling on the farm. The plaintiffs instituted this action seeking forfeiture of the contract and quieting title to both the farm property and the residence property, and asked that "the court determine the costs and values of rents, issues and profits of said farm property, and if said losses exceed the value of the down-payment, render judgment for damages to the plaintiffs in the excess amount; for an order directing defendants to pay to plaintiffs all their necessary expenses and damages incurred by reason of defendants breach of agreement." In their amended complaint the plaintiffs alleged that they had secured a commitment for a new loan on the farm, but that the defendants failed, neglected and refused to cooperate with the plaintiffs in securing the new loan, and failed, neglected and refused to sign the necessary instruments; they further alleged that the plaintiffs submitted a contract in more formal terms fixing terms for escrow and delivery of deeds, but that the defendants refused to sign the agreement; they further alleged breach of the agreement to purchase in that defendants failed to make payments due thereunder.

Defendants (purchasers) by their answer and counterclaim asserted false represen-

tations by the plaintiffs and their agent Powell, upon which they relied, of such nature that the contract should be cancelled. They alleged giving of the notice of cancellation and tender of possession of the farm property and asked restoration of possession of the residence property and damages for losses suffered.

The trial court after hearing the matter without a jury entered findings of fact, conclusions of law and judgment which on motion of the respective parties were subsequently amended. In its amended findings, conclusions and judgment the court cancelled the contract, awarded plaintiffs possession of both the residence and farming properties, and denied them any damages claimed by way of attorney fees, and losses from sale of machinery and sheep: the court, by reason of the lateness of the farming season when the action was tried and judgment entered awarded the plaintiffs rental for the farm season of 1962, based on a share of the crop. The trial court found against the defendants on their claim of misrepresentation, specially finding that the defendants did not rely upon any representations by the plaintiffs or their agents.

Both the plaintiffs and the defendants appealed from this judgment.

The plaintiffs' appeal is primarily directed to the refusal of the trial court to award any damages to them (over and above the residence property accepted as

down payment), to compensate them for legal expenses incurred, losses arising from sale of farm machinery, adequate rental for the period of the defendants were in possession, and for failing to include in the computation of damages the commission claimed due the real estate broker Powell.

The defendants appealed from the judgment, asserting error by the trial court in "not declaring the Receipt and Agreement to Purchase void after it found the $7,000 loan (which was not obtained) was a necessary condition precedent to the contract;". They also assert error in refusal of the trial court to allow them credit for payments they made on the Rexburg residence property while in the plaintiffs possession, and in not permitting crop rental on the farm for the years of 1960 and 1961, as it did for 1962.

Purchasers' first assignment of error directly presents the question whether the provisions "A loan in the amount of $7,000.-00 is to be secured on farm by seller and purchasers, paying off existing loan and balance to sellers", constitutes a condition precedent, the compliance with which condition was necessary before the relationship of the parties as vendors and purchasers could be established.

The district court, concerning this provision, found:

"That obtaining a $7,000 loan is an express condition of this contract of sale.

"That no limit in time is expressed in the contract within which the $7000 loan was to be secured.

"That extension of the mortgage existing against the property by such new loan was also an express condition of the contract of sale."

The trial court also found: "That said 'receipt and agreement to purchase' was intended by the parties as a temporary agreement under which the parties could act until a more detailed, final agreement could be drafted by them."

The district court in its conclusions of law stated:

"That a condition, expressly set forth in this contract, provided the parties should obtain a loan in the amount of $7,000 which would retire an existing mortgage against the property and which would pay plaintiffs a part of their purchase price.

"That this condition was a condition precedent to performance under the contract and that failure to obtain a loan in a reasonable time and in a reasonable manner and after expenditures of reasonable effort made the contract voidable."

■ Whether a provision in a contract amounts to a condition precedent is generally dependent on what the parties intended, as adduced from the contract itself. 12 Am.Jur. 848, Contracts § 295; 55 Am. Jur. 577–579, Vendors and Purchaser § 102, 103; 81 A.L.R.2d 1338. In the instant action the trial court found that the parties intended the receipt and agreement to purchase to be only a temporary agreement. Coupled with the requirement that a loan of $7,000 be obtained to pay off a previous loan, with the balance of the proceeds of the new loan to go to the vendors, it is doubtful if it was contemplated that any binding agreement was to arise until such loan was obtained. From the record it appears there was still due the Federal Land Bank $4,940 on the mortgage to be retired; had the new loan been obtained this balance would have been liquidated and the remainder of the new loan paid the plaintiffs to reduce the contract balance owing to plaintiffs to $28,849.91.

■ Plaintiffs contend, however, that failure to comply with this condition in the agreement was not asserted as an affirmative defense by the purchasers in their pleadings, and it not having been presented as an issue in the pleadings cannot be considered. IRCP 9(c) provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." This rule deals with the requirements of pleadings by the parties to an action. The only effect of a failure to plead such compliance or non-compliance with a condition precedent is that no issue is presented as to the compliance or non-compliance, and evidence submitted during the trial on such issue would be subject to timely objection. However, failure to present the issue by the pleadings or during any pre-trial conference, does not mean that such an issue was not properly before the court in this action. IRCP 15(b) provides in part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." See: Reynolds v. Continental Mortgage Co., 85 Idaho 172, 377 P.2d 134; Morford v. Brown, 85 Idaho 480, 381 P.2d 45. In this action both parties fully developed their evidence as to whether such loan application was accepted. The evidence establishes that both the plaintiffs and defendants in March 1960 made the necessary application for the $7,000.00 loan, but that it was not granted.

■ It is our view that this question was properly in issue before the trial court and further that the obtaining of the $7,000 loan was a condition precedent to obliga-

tions arising under the initial receipt and agreement to purchase; such loan not having been obtained the contract was unenforceable. Anno. 81 A.L.R.2d 1338; Zaring v. Lavatta, 36 Idaho 459, 211 P. 557.

It being our determination that the relationship of the parties herein was not that of vendor and purchaser, by reason of the failure of the contract to materialize, it becomes incumbent upon the trial court to arrive at a settlement of accounts between the parties growing out of the possession of the plaintiffs' farm property by the defendants, and the possession of the defendants' residence property by the plaintiffs for the period of time involved. It is incumbent on the trial court to find and fix the reasonable rental values of the respective properties for the period of possession, and to determine the value of any improvements made upon the respective properties, to allow all proper credits and debits and render judgment accordingly.

The decision reached herein renders unnecessary a discussion of the assignments of error urged by the plaintiffs-appellants.

The judgment is reversed and cause remanded for further proceedings in accordance with the views herein expressed.

Costs to Cross-Appellants.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.