399 P.2d 407

**Don H. DICKERSON and Elizabeth Dickerson, husband and wife, Plaintiff-Respondents,**

**v.**

**Walter S. BREWSTER and Elma Brewster, husband and wife, Defendants-Appellants.**

**No. 9361.**

Supreme Court of Idaho.

Feb. 26, 1965.

Donart & Weston, Weiser, for appellants.

Ryan & Speropulos, Weiser, for respondents.

TAYLOR, Justice.

This action was commenced June 5, 1962, to quiet title to a strip of land lying along the common boundary between lands owned

by plaintiffs (respondents) and lands owned by the defendants (appellants). So far as record titles are concerned, the lands of both parties are described according to government subdivisions, and are all in Twp. 12 N., R. 4 W.B.M., in Washington county. The plaintiffs were owners in fee of the SE¼ of NW¼ and the E½ of SW¼ of Section 4, and the NW¼ of NE¼ of Section 9. Defendants Walter S. and Elma Brewster were the record owners of the SW¼ of NE¼ and the W½ of SE¼ of Section 4. Defendants Sam and Betty Alice Summerfield were in possession of the Brewster lands under a contract of purchase. The disputed land is roughly an L-shaped strip encompassing 14.99 acres more or less.

Brewsters purchased their property in April, 1947. In the spring of 1949, Brewster built a boundary fence which plaintiffs contended encroached upon their property. In 1952, Brewster had a survey made by one Davenport. This survey satisfied Brewster that he had built the fence on the quarter section line.

Plaintiffs purchased their property in August, 1954. After inspecting the property in the spring of 1955, Mr. Dickerson informed Brewster that the boundary fence encroached upon the Dickerson land. Brewster refused to move the fence or allow plaintiffs to do so. After some further negotiations, plaintiffs, in 1961 and 1962, caused a survey of the disputed boundary to be made by Robert Jones, a civil engineer.

According to this survey, the Brewster fence encroached upon plaintiffs' land. Plaintiffs commenced this action to quiet their title and regain possession of the land between the boundary as shown by the Jones survey and the fence built by Brewster.

In their complaint plaintiffs describe their property by government subdivisions, and allege:

"That for approximately fifty (50) years or more there existed on or near the true division line as aforesaid, a fence, acquiesced and agreed upon as the true dividing line between said properties by plaintiffs' and defendants' predecessors in interest. That sometime in the year 1952, the defendant Walter S. Brewster moved said fence or caused said fence to be moved so as to encroach upon the plaintiffs' property."

Then follows a metes and bounds description of the land in dispute. Plaintiffs further allege:

"That shortly after purchasing their property, said plaintiffs notified said defendant Walter S. Brewster that he had moved the fence in on plaintiffs' lands, and said defendant agreed that if he had moved the fence to a point not on line, that he was willing for the same to be moved to the correct boundary line, and that if said plaintiffs would cause a survey to be made to show that said fence was not on line, that he would peacefully agree to plaintiffs' placing it on the

correct boundary line. That thereafter, plaintiffs by various means less costly than a survey, sought to prove to said defendant that the fence as so moved was not on the true line, and said defendant reiterated his agreement to move it if a survey should show the same to be not on line."

Plaintiffs also allege: that after defendants Summerfield contracted to buy the Brewster property, both Mr. Summerfield and Mr. Brewster agreed to have the fence placed on the proper location if a survey showed it was not on the true line; that after the Jones survey defendants refused to abide by their agreement to move the fence; that defendants have no right, title "or interest in or to said lands of plaintiffs." Plaintiffs then pray for judgment against the defendants, and

"that they be required to set forth all and singular whatever claims they may have in and to plaintiffs' said lands, and also to the location of said dividing lines hereinbefore referred to, and that the true and correct location of said dividing lines may be by decree of this Court adjudged and determined. That plaintiffs' title in and to their said lands be quieted and that it be adjudged and decreed that the plaintiffs are the owners in fee and entitled to the possession of said lands and premises, and that the true location of the dividing line be-

tween their said lands and the lands of defendants is as in this complaint described, and that none of said defendants have any right, title or interest in or to any of the plaintiffs' said lands, and that they and each of them be forever enjoined and restrained from making or asserting any claim or interest in or to plaintiffs' said lands or any portion thereof, or from in any way questioning, disturbing or attempting to disturb or interfere with said division lines hereinbefore in this complaint described. That said defendants be required to move the aforesaid fence now between the properties back to the true dividing line."

Defendants moved to dismiss the action on the grounds that cause of action pleaded was barred by: the statute of limitations, I.C. § 5–217 (four years on oral contract); by I.C. § 9–505(5) (agreement for transfer of real property not in writing); and by I.C. § 32–912 (agreement for sale of community property without wife joining). The motion to dismiss was withdrawn by defense counsel, and defendants answered denying generally the allegations of the complaint.

Trial was had to the court June 6, 7, and 8, 1962. July 15, 1962, defendants filed a motion to amend their answer "to conform to the evidence" by alleging the bar of statute of limitations; the statute of frauds; and that they had acquired title by adverse

possession. The motion to amend was denied by order dated November 1, 1962.

The court found that the true boundary lines between the lands of the parties were as determined, and testified to, by engineer Robert Jones. Conclusions and judgment were made and entered November 7, 1962, quieting title to the disputed land in plaintiffs. November 15, 1962, defendants Brewster filed objection to the findings and conclusions. One objection was that the court made no finding as to whether the agreement alleged in plaintiffs' complaint was or was not entered into, nor as to the essence thereof, or the parties thereto, and that no conclusion was made as to the validity or effect of the alleged agreement. Defendants also contended that the court had made conclusions upon issues not tendered by the pleadings, and at variance with the relief sought by plaintiffs in their complaint.

After hearing had upon defendants' objections, the court made and entered amended findings, conclusions and judgment April 9, 1963. In general the amended findings and conclusions follow the original, but with greater particularity. As to the alleged agreement, the court found:

"That the plaintiff Don H. Dickerson did have certain conversations and agreements with the defendant Walter S. Brewster to the effect that plaintiff could move the fence to the true boundary line if the survey showed the fence

not to be on the true boundary line, and subsequently a survey was made by the plaintiff, but the defendant refused to allow plaintiff to remove the fence to the true boundary line. There is insufficient proof as to the dates of the conversation and agreements and the Court does not decide this case based upon those conversations."

The court again concluded that defendants had no right, title, claim or interest in the disputed land and entered judgment quieting title thereto in plaintiffs. Defendants prosecute this appeal from the amended judgment.

By their assignments of error, defendants contend the court erred by permitting plaintiffs—after pleading and trying their cause upon the theory of a contract between the parties to be found by the result of a survey establishing the true boundary—to change their theory to that of an action to quiet title, and to prevail upon proof of the boundary as described in their muniments of title.

■■ Plaintiffs' complaint is not to be construed as limiting plaintiffs' cause of action or theory to a remedy based solely upon the alleged agreement. The complaint alleges a boundary by acquiescence over a period of fifty years. Beneficial Life Ins. Co. v. Wakamatsu, 75 Idaho 232, 241, 270 P. 2d 830, 835 (1954), and cases there cited. The complaint also alleges the elements of an action to quiet title. The latter action

is defined in Black's Law Dictionary, Fourth Ed., page 51, as:

"One in which plaintiff asserts his own estate and declares generally that defendant claims some estate in the land, without defining it, and avers that the claim is without foundation, and calls on defendant to set forth the nature of his claim, so that it may be determined by decree."

The complaint contains a deraignment of the title of both parties, described by government subdivisions, and avers that defendants have no right, title or interest in the disputed land, and calls upon them to set forth any claim they may have. Thus, three grounds for recovery are alleged. This manner of pleading is sanctioned by IRCP 8(e) (2), and the claims are not inconsistent. Woll v. Costella, 59 Idaho 569, 85 P.2d 679 (1938).

Defendants assign as error the denial of their motion to amend their answer to allege the defenses of, limitations, statute of frauds, and adverse possession, and to reopen the trial and receive evidence thereon. The motion was made more than a month after the close of the trial. Reopening of the trial for the reception of evidence on the proposed defenses was not the relief sought by the motion. It specifically sought to make the answer "conform to the evidence," and recited:

"That the Motion is based upon the evidence introduced at the trial of this matter."

Plaintiffs produced evidence tending to support all three of the theories or grounds for relief alleged in their complaint.

Assuming that the motion to amend had been granted, the defense of the statute of limitations was not established. Plaintiffs were not relying upon an oral contract for the conveyance of real property so as to be subject to the limitation of I.C. § 5–217, or to the requirements of the statute of frauds, I.C. § 9–505(5), and the judgment entered was not predicated upon any such contract. Defendants also urged the application of I.C. § 5–203, which provides:

"No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the property in question within five years before the commencement of the action; and this section includes possessory rights to lands and mining claims."

The same limitation is made applicable to a defense based upon adverse possession by I.C. § 5–204. The requirement of seisin under these sections is satisfied in any case where the party opposing an adverse claimant is the holder of the legal title. In Smith v. Long, 76 Idaho 265, 281

P.2d 483 (1955) we quoted 16 Cal.Jur., Limitation of Actions, § 43, as follows:

> " 'The requirement of seisin or possession is met when it is established that the plaintiff was possessed of legal title, and this seisin can be destroyed only by establishing the fact that a title by adverse possession was acquired by the defendant.' " 76 Idaho at 277, 281 P.2d at 491.

See also cases there cited. Moreover, the foregoing rule is statutory in this state. I. C. § 5–206; Salvis v. Lawyer, 73 Idaho 469, 253 P.2d 589 (1953). To succeed in their defense of limitations it was necessary for defendants to establish also the defense of adverse possession. This they did not do. They offered no evidence that they had paid the taxes on the property in dispute during the period of limitations, as a part of their government subdivision or otherwise. I.C. § 5–210.

Under IRCP 8(c) defendants were required to plead in the first instance all of the defenses which they sought to incorporate in their answer by amendment after the trial. Cf. Naccarato v. Village of Priest River, 68 Idaho 368, 195 P.2d 370 (1948). The question as to whether defendants were misled by the complaint, to the view that plaintiffs were relying solely on an oral agreement to be bound by the results of a survey, was one primarily addressed to the sound discretion of the trial court. The trial was not conducted upon the alleged agreement only, nor was any evidence offered by defendants, which would tend to support a defense of limitation or adverse possession, rejected by the court.

It is not made to appear that the trial court abused its discretion.

Judgment affirmed.

Costs to respondents.

McQUADE, C. J., and McFADDEN, SMITH and KNUDSON, JJ., concur.