441 P.2d 720

**T. C. BULLOCK, doing business as Merchants Adjustment Bureau, Plaintiff-Appellant,**

v.

**Melvin JAEGER, Defendant-Respondent.**

**No. 9454.**

Supreme Court of Idaho.

June 11, 1968.

Kerr & Williams, Blackfoot, for appellant.

A. A. Merrill, Idaho Falls, for appellee.

McFADDEN, Justice.

The plaintiff, appellant herein, instituted this action to recover the balance allegedly due on a debt initially owed by defendant-respondent to Alf Hahn doing business as Modern Motors, and also to recover the balance allegedly due on a promissory note executed by respondent to E. M. Tanner and Sons. Appellant alleged that the two obligations had been assigned by the holders to him prior to instituting the action. Appellant does business as a licensed collection agency and the debts were overdue when assigned. The complaint was filed October 6, 1960 and summons issued. Service of the summons was not made until March 2, 1962.

After service of summons, respondent answered appellant's complaint, denying among other things, the allegations of the indebtedness, and as a further defense, alleging that he was discharged in bankruptcy May 10, 1961; that in his bankruptcy schedules he set forth the identical items which were the basis of appellant's action; and that such items were barred by reason of the bankruptcy.

Pre-trial statements were submitted by the parties to the court setting out their respective theories of the case. Respondent moved for a summary judgment, and some sort of a stipulation was entered into, respondent contending that it was stipulated that the cause be submitted to the court for final determination. It appears that the trial court considered the cause fully submitted and submitted proposed findings of fact and conclusions of law based on the stipulation. One of the proposed findings was to the effect that appellant had given respondent no notice of the assignment of the claims from Hahn and Tanner to appellant, and that respondent had properly listed his obligations owing to Hahn and Tanner in his bankruptcy schedule. Based on the findings of fact, the proposed conclusion of law was "That the defendant is entitled to judgment against plaintiff upon his Motion for Summary Judgment." This conclusion apparently was based on the theory that respondent's failure to list appellant as a creditor in the bankruptcy schedule did not bar him from asserting the discharge in bankruptcy as a defense, inasmuch as appellant had not given respondent notice of the assignment of the claims alleged in appellant's complaint.

Appellant submitted objections to the proposed findings, stating that the issue as to the giving or failure to give notice by appellant to respondent of the assignment of the claims by the creditors to appellant had not been raised by any of the pleadings, nor was there any evidence submitted to the court on that issue. Appellant in support of his objections to the proposed findings of fact and conclusions of law submitted an affidavit stating that respondent did in fact have notice of the assignment to appellant of the claims.

Notwithstanding appellant's objections to the proposed finding of fact, conclusions of law, and decree, they were entered and judgment entered in conformity with them. Appellant moved for a new trial, which motion was denied. This appeal was taken

from the judgment and from the order denying appellant's motion for new trial.

■ Appellant pointed out in his objections to the proposed findings of fact, as well as in his affidavit supporting his motion for new trial, that there were issues of material facts still unresolved, i. e., whether or not respondent had knowledge of the alleged assignment of the claims by the creditors to appellant at the time of preparation of the bankruptcy schedules; whether or not appellant had notice or actual knowledge of the bankruptcy proceedings in time to have filed a claim. See Garren v. Saccomanno, 86 Idaho 268, 385 P.2d 396 (1963);

> 11 U.S.C.A. § 35 "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

The pleadings and pre-trial statements did not contain a single allegation regarding notice of the assignment of the obligations. Yet respondent relies on the discharge in bankruptcy of the claims of the original creditors as a defense to this action. Respondent by I.R.C.P. 8(c) was required to affirmatively set forth the defense of discharge in bankruptcy. The burden of proof was initially upon respondent to establish the discharge in bankruptcy. Luse v. Peters, 219 Cal. 625, 28 P.2d 357 (1933); 8B C.J.S. Bankruptcy § 586b (1963); 9 Am.Jur.2d Bankruptcy § 814 (1963); Annot. 2 A.L.R. 1672 (1919). The record before this court fails to disclose any exhibit of the schedules or petition of respondent for bankruptcy, nor of the discharge. While mention is made of a stipulation of counsel, there is no written stipulation before this court nor is there a transcript of any oral stipulation, and it cannot be determined whether the stipulation as to the facts was broad enough to encompass the issue of notice of assignment by the creditors to appellant or knowledge of such assignment of respondent.

Respondent contends that appellant may not complain of the lack of evidence regarding notice of the assignment or knowledge on respondent's part of such assignment, inasmuch as it was stipulated that the court could decide the cause. However, appellant stringently objected to the proposed findings because of the insufficiency of the evidence to sustain the basis of the decision, and it is the conclusion of this court that there is merit to appellant's position.

The judgment as entered states:

> "From the above and foregoing findings of fact and conclusions of law, the Court decrees as follows:

> "That the defendant's Motion for Summary Judgment be and the same is, hereby granted, and the plaintiff's action is dismissed with prejudice."

■■ This judgment is subject to two interpretations. If it was a judgment granting a motion for summary judgment, it was in error inasmuch as there remained unresolved genuine issues of material fact. If the trial court was rendering a judgment on a record submitted, the court erred in not granting appellant's motion for new trial because certain findings of fact are completely unsupported by the record.

■ The summary judgment and order denying new trial are reversed and the cause remanded for new trial. In view of the unexplained long delay in the filing of appellant's brief, no costs allowed. Supreme Court Rule 41, subd. 4.

SMITH, C. J., and TAYLOR, McQUADE, and SPEAR, JJ., concur.