482 P.2d 91

BRYAN AND COMPANY, Inc., a corporation, and Arthur N. Ridley, Plaintiffs-Respondents,

v.

T. W. KIECKBUSCH, Eugene F. Dolan and Donald Tompkins, Defendants-Appellants.

No. 10673.

Supreme Court of Idaho.

March 2, 1971.

Roberts & Poole, Boise, for defendants-appellants.

Racine, Huntley, Herzog & Olson, Pocatello, for plaintiffs-respondents.

SPEAR, Justice.

In the late spring or early summer of 1966, defendant-appellant Kieckbusch became interested in developing a shopping center in Pocatello, Idaho when he learned that Buttrey Foods, Inc. desired to locate a store in the area. He had used the services of plaintiff-respondent Ridley, a realtor, for similar projects in the State of Montana in the past and contacted him. The two of them went to Pocatello in July of 1966 and contacted members of the real estate department of plaintiff-respondent Bryan and Company, Inc. The parties

discussed the availability of certain properties in Pocatello; among them was a parcel of land owned by the City and which was known as Halliwell Baseball Park. According to the affidavit of Kieckbusch, who was acting on behalf of himself and his associates, Dolan and Tompkins, Kiechbusch stated that the following agreement was made with respondents:

"That there was an agreement that in the event that your affiant and his associates would be successful in acquiring title to themselves of the said property, that a real estate fee would at that time be deemed earned and that the same would be payable only on start of construction of the proposed shopping center complex. * * * the actual purchase and passage of title to your affiant and associates would give rise to compensation, which was still to be agreed upon."

The record discloses that appellants obtained at least the right to purchase the property (which may be distinguishable from "actual purchase and passage of title") and conveyed their interest to Buttrey Foods, Inc. which now has a shopping center operating on the premises. Respondents made an unsuccessful bid on the property on behalf of appellants in October of 1966. A second successful bid was made by respondents on December 1, 1966, based on a telegram authorization from appellant Kieckbusch. The record contains an affidavit of Pocatello City Attorney, Olson, to which exhibits are attached showing that he advised appellants of their successful bid. In reply, appellants' attorney wrote City Attorney Olson a letter on January 10, 1967 agreeing to purchase the Halliwell Baseball Park property. Subsequently, the record discloses that appellants assigned all of their "right, title and interest" in said property to Buttrey Foods, Inc. for "value received" on April 26, 1967. A Buttrey-Osco Shopping Center was then constructed and respondents received no commission from anyone.

On November 18, 1968, respondents filed suit to collect their commission. Appellants answered by denying all material allegations of the complaint without alleging any affirmative defenses. Thereafter, respondents filed a motion for summary judgment based on the pleadings and depositions of Schatz and Edwards, members of Bryan and Company, Inc. Appellants filed the affidavit of Kieckbusch in opposition. Respondents then filed the affidavits of Edwards and City Attorney Olson with supporting exhibits. The trial court granted a partial summary judgment in favor of respondents on the issue of liability and reserved for trial the amount of compensation due. At the subsequent trial the amount due was determined to be $12,600.00.

Assignment of error is made by appellant to the partial granting of respondent's motion for summary judgment. Appellants contend that there were genuine issues of material fact as to the amount of the commission, the conditions under which the commission was to be earned and whether or not there was any firm contractual agreement for payment of any compensation to respondents.

Respondent answers that there was a trial on the issue of fact of the amount of compensation, and that appellant himself (Kieckbusch) admitted by affidavit that there was a firm agreement. As to the conditions under which the commission was to be earned, respondent contends that these conditions were under appellants' exclusive control, and that after appellants' bid was accepted by the City of Pocatello, they then prevented those conditions from occurring by transferring their interest in the property to a third party (Buttrey, Inc.). In his brief and affidavit appellant Kieckbusch contends that he was not successful in obtaining title to the property because he could not obtain the necessary financing. Respondents cite authority that under such circumstances the issue of conditions of performance of the agreement is immaterial.

We agree with respondent that the district court properly granted the motion for summary judgment. Summary judgment should be granted where there are no genuine issues of material fact remaining to be resolved. I.R.C.P. 56(c); Collord v. Cooley, 92 Idaho 789, 451 P.2d 535 (1969); Stewart v. Arrington Construction Co., 92 Idaho 526, 446 P.2d 895 (1968); Matthews v. New York Life Insurance Co., 92 Idaho 372, 443 P.2d 456 (1968); E. S. Harper Co. v. General Insurance Co. of America, 91 Idaho 767, 430 P.2d 658 (1967). Appellants allege that genuine issues of material fact remained for the jury upon the principal ground that they were not obligated by the contract to pay the broker's commission unless they took title to the property. They further allege that their full performance was rendered impossible because they could not secure the necessary financing. Neither allegation, however, appears in the defendants' answer. Rather, they were raised for the first time in Mr. Kieckbush's affidavit resisting plaintiffs' motion for summary judgment.

Appellants' contention that they must take title to the property before any obligation to pay the commission arose is, at this point, inapposite. I.R.C.P. 9(c) requires that a denial of the performance or occurrence of conditions precedent shall be specifically pleaded. Generally, if one does not specifically deny the satisfaction of conditions precedent in his answer, such defense is not put in issue. Coral Gables, Inc. v. Skehan, D.C., 47 F.Supp. 1 (1942); Temperato v. Rainbolt, D.C., 22 F.R.D. 57 (1958); Reynolds-Fitzgerald, Inc. v. Journal Pub. Co., D.C., 15 F.R.D. 403 (1954). Cf. McMinn v. Holley, 86 Idaho 186, 384 P.2d 229 (1963).

Appellants' contention that they were not able to complete the purchase because they could not secure financing amounts to a defense of impossibility. An averment which sets up new matter not contained in the plaintiff's complaint is an affirmative defense. 41 Am.Jur. Pleading §§ 155, 156 (1942). I.R.C.P. 8(c) requires that affirmative defenses be specifically pleaded. Although this rule lists several specific examples of affirmative defenses, it also provides for " * * * any other matter constituting an avoidance or affirmative defense." Cf. Dick v. Reese, 90 Idaho 447, 412 P.2d 815 (1966). Since this defense raised new matter not alluded to in the complaint, it constituted an affirmative defense and should have been affirmatively pleaded in defendants' answer. Bullock v. Jaeger, 92 Idaho 271, 441 P.2d 720 (1968); Nordling v. Whelchel Mines Co., 90 Idaho 213, 409 P.2d 398 (1965); Dickerson v. Brewster, 88 Idaho 330, 399 P.2d 407 (1965). Additionally, since it was not presented by answer or motion, this defense must be deemed waived. I.R.C.P. 12(h); Jolley v. Idaho Securities, Inc., 90 Idaho 373, 414 P.2d 879 (1966); Nordling v. Whelchel Mines Co., supra.

Notwithstanding appellants' failure to plead either condition precedent or affirmative defense, we recognize the possibility that affidavits might be considered part of the pleadings and that any defenses raised in such affidavit opposing or supporting a motion for summary judgment might be held to satisfy I.R.C.P. 8(c) and 9(c). There seems to be authority in support of and counter to this proposition. I.R.C.P. 56(c) states that summary judgment " * * * shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact * * *" This rule contemplates that the trial court shall consider affidavits when ruling on a motion for summary judgment, but does not answer whether affidavits can raise issues not in the pleadings. I.R.C.P. 56(a), (b), and (e) all speak in terms of *supporting* and *opposing* affidavits and we infer from this language that affidavits are intended to supply evidence tending to establish as valid or rebut issues raised by the pleadings. The federal courts have held that the rule providing for summary judgment contemplates that the trial judge shall

take the pleadings *as they have been shaped* to see what issues of fact exist and then consider any affidavits and other documentary material to determine which issues are real and genuine. Town of River Junction v. Maryland Casualty Co., 110 F.2d 278 (5th Cir. 1950); In re Georgia Jewelers, Inc., 219 F.Supp. 386 (N.D.Ga.1962); cf. Sexton v. American News Co., 133 F. Supp. 591 (N.D.Fla.1955).

In some cases, where the federal courts have been presented with a similar question, a different result has been reached. It has been held that where facts not appearing in the pleadings are found in affidavits which would justify amendment of the pleadings, such amendment should be allowed and summary judgment not granted. Zell v. American Seating Co., 138 F.2d 641 (2d Cir. 1943) (reversed on another ground by U.S. Supreme Court, 322 U.S. 709, 64 S.Ct. 1053, 88 L.Ed. 1552);

Rossiter v. Vogel, 134 F.2d 908 (2d Cir. 1943); Seaboard Terminals Corp. v. Standard Oil Co., 104 F.2d 659 (2d Cir. 1939). However, we deem these cases inapplicable to the situation at hand. Defendants at no time made a motion to amend their answer to put in issue the new matter. Also, they do not argue now that they should be allowed to amend.

The issues of non-occurrence of the condition precedent and impossibility of performance were not before the district court. Since there were no genuine issues of material fact as to defendants' liability under the contract, summary judgment was properly entered against them.

Grant of summary judgment affirmed. Costs to respondents.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.