245 P.2d 383

**BUMPERS et ux. v. WALLACE.**
No. 5494.

Supreme Court of New Mexico.
May 29, 1952.

Rehearing Denied July 7, 1952.

Garland & Sanders, Las Cruces, for appellants.

W. C. Whatley, W. B. Darden, LaFel Oman, Las Cruces, for appellee.

COMPTON, Justice.

The determination of a jurisdictional question, raised here for the first time, disposes of the appeal.

To review a judgment following the verdict of the jury in favor of appellee, appellants appeal. Subsequently, after briefs had been filed, appellants filed a motion suggesting diminution of the record and prayed for a writ of certiorari directed to the district court of Dona Ana County. The motion discloses that the cause was tried to a jury in Dona Ana County at the *August, 1951 term*, a term not authorized by statute. Hearing on the motion was deferred until the cause could be heard on the merits. Appellee makes no contention that the statute authorizing the August, 1951 term, had not been superceded by a later Act, Chapter 177, Laws of 1951, New Mexico Statutes. The question is now before us on the issues raised by appeal and the question raised by the motion.

The jurisdictional question was not raised in the lower court. Chapter 177, supra, providing that the terms of court in Dona Ana County shall commence on the third Monday of May and the third Monday of November of each year, in effect at the time of trial, apparently went unnoticed. At least it does not appear that the Act was called to the attention of the trial judge who was sitting in Dona Ana County by designation.

Where terms of court are provided by statute it is essential to jurisdiction that court be held at the time authorized by law and at no other time. That the parties may have voluntarily engaged in the trial of the cause lends no support to the judgment. Jurisdiction cannot be conferred upon the court even by express consent of the parties. The question may be raised here for the first time or the court of

its own motion may take notice of such want of jurisdiction. Baca v. Perea, 25 N.M. 442, 184 P. 482; Sais v. City Electric Co., 26 N.M. 66, 188 P. 1110; State v. Valdez, 51 N.M. 393, 185 P.2d 977; Allen v. Allen, 52 N.M. 174, 194 P.2d 270.

At 14 Am.Jur., "Courts", 264, Sec. 25, the rule is stated thusly:

"The time of holding the regular terms of the different courts, as well as the duration of such terms, is usually fixed by law in the various states, and it is a generally recognized rule that it is essential to jurisdiction that a court be held at a time authorized by law, and that where a court is held at an unauthorized time, all proceedings therein are void. The express consent of the parties cannot confer jurisdiction upon the court. * * *"

At 21 C.J.S., Courts, § 150, we find the rule similarly stated:

"a. A term must be held at the time fixed therefor and at no other time, unless it has been lawfully postponed, * * *. A term held at any time other than that fixed therefor is illegal and the proceedings had thereat are void; * * *.

"b. An act which merely changes the time of holding a certain court does not abolish such court or effect a discontinuance of business therein pending, and a court which has convened prior to the passage of such an act is not prevented from concluding its term or session. Neither can such a change be allowed to operate so as to deprive a county of the number of terms in a year to which it is entitled under the constitution. However, where a law which changes the term of a court has gone into effect, and in ignorance thereof the term is held as provided by the former law, all judgments and proceedings are without warrant of law and void. * * *"

Numerous cases support the text. Hamblin v. Superior Court of Los Angeles County, 195 Cal. 364, 233 P. 337, 43 A.L.R. 1509; In re Terrill, 52 Kan. 29, 34 P. 457, 39 Am.St.Rep. 327; Aubour v. Yazoo and Mississippi Valley Railroad Company, 96 Miss. 340, 54 So. 158, Ann.Cas.1912B, 179; Robinson v. Ferguson, 78 Ill. 538.

The question raised by the motion was squarely before us in the recent case of State v. Montiel, 56 N.M. 181, 241 P.2d 844, 845, wherein we held:

" * * * A term must be held at the time fixed therefor and at no other time, unless it has been lawfully postponed, and a term held at any time other than that fixed therefor is illegal and the proceedings had thereat are void. * * * Of course, if a term has failed for any cause a special term may be called in accordance with Sec-

tions 16–306 and 16–307, 1941 Compilation. * * *"

We conclude that the proceedings were coram non judice and void. And, treating the motion as having been granted, the judgment will be reversed and the cause remanded with directions to the trial court to award a new trial. And it is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and COORS, JJ., concur.