427 P.2d 677

Renwick L. ALLEN and Courtney Vallentine, Plaintiffs-Appellees and Cross-Appellants,

v.

Jim McCLELLAN, James C. King, Wally Green and W. A. Humphries, Defendants-Appellants and Cross-Appellees.

No. 8227.

Supreme Court of New Mexico.

May 15, 1967.

O. R. Adams, Jr., Albuquerque, for appellees.

Boston E. Witt, Atty. Gen., George T. Harris, Jr., Lyle E. Teutsch, Sp. Asst. Attys. Gen., Santa Fe, Modrall, Seymour, Sperling, Roehl & Harris, John R. Cooney, Albuquerque, for appellants.

## OPINION

CARMODY, Justice.

Our opinion in the prior appeal of this case (75 N.M. 400, 405 P.2d 405) held that the New Mexico Game Commission could not include private land within a game refuge without the consent of the owner, or by acquisition in some lawful manner. Following remand, the trial court granted an injunction against the defendants and others, but dismissed the plaintiffs' action for damages. All parties were dissatisfied, and this appeal and cross-appeal resulted.

In order to bring the entire situation into proper perspective, we note the following sequence of events:

(1) Order of New Mexico Game Commission declaring a game refuge of approximately 2,500 acres, including 12 acres of plaintiffs;

(2) Arrest of plaintiffs and guests by the named defendants for hunting on the refuge, confiscation of game, and the closing of certain access roads;

(3) Suit in Valencia County, New Mexico for injunction and for damages;

(4) Dismissal;

(5) Reversal;

(6) Order of Game Commission excluding the 12 acres from the refuge;

(7) Order of State Game Commission, establishing 1965 and 1966 hunting seasons and closing to hunting 7,000 acres in Valencia County, including plaintiffs' 12 acres;

(8) Filing of amended complaints, one of which sought an injunction with respect to the closing order referred to in (7);

(9) Injunction;

(10) Dismissal of damage case (this portion of the case was concerned with the original arrest, but plaintiffs restated the allegations in their third amended complaint).

It must be emphasized that the injunction is concerned with matters occurring subsequent to our remand, and the damage action to matters preceding the prior appeal.

The injunction itself (eliminating the description) is as follows:

### "INJUNCTION

"TO: Jim McClellan, James C. King, Wally Green, W. A. Humphries, and Ladd S. Gordon, Director of the New Mexico Game Commission.

"Pursuant to mandate of the Supreme Court of the State of New Mexico, dated September 21, 1965, and the opinion handed down August 30, 1965, in this case, being case number 7681 in the Supreme Court,

"IT IS ORDERED that the defendants, Jim McClellan, James C. King, Wally Green, and W. A. Humphries; and all other persons, including Ladd S. Gordon, Director of the New Mexico Game Commission; be and they are hereby permanently enjoined from prohibiting or interfering with the plaintiffs, Renwick L. Allen and Courtney Vallentine, or any of their guests, in the use and possession of plaintiffs' lands hereinafter described, including ingress and egress thereto and therefrom, and including hunting thereon, subject to season dates and bag limits. So much of any past or future regulation of the New Mexico Game Commission, particularly Regulation Number 463, dated September 24, 1965, which purports to close plaintiffs' land to hunting, at a time when such hunting is open on other private land in the Central Flyway, is and shall be void insofar as the plaintiffs' aforesaid land is concerned.

"* * *"

█ McClellan, King, Green and Humphries were all officers under appointment of the New Mexico Game Commission, and they were the defendants in the case as originally instituted, which sought both an

injunction and damages. Mr. Gordon has never been a party-defendant to the case, although it would appear that his name was inadvertently included in the title of the transcript filed in the earlier appeal. So we note in passing that the injunction, purporting to prohibit not only the named defendants but "all other persons including Ladd S. Gordon, Director of the New Mexico Game Commission," is patently erroneous. See Alemite Mfg. Corp. v. Staff (2d Cir. 1930), 42 F.2d 832, where, in the words of Judge Learned Hand, it was said:

"* * * no court can make a decree which will bind any one but a party; * * * it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is pro tanto brutum fulmen * * *."

In the prior appeal, we did not consider any question of venue or jurisdiction of the trial court. This problem was but summarily argued and was only briefly mentioned in the answer and reply briefs. In any event, we do not consider our earlier failure to pass upon this question as in any sense controlling here.

The principal issue on appeal at this time is whether the district court of Valencia County was without jurisdiction to enjoin the defendants, all of whom are state officers. Sec. 21-5-1, N.M.S.A. 1953 (1965 Pocket Supp.) provides:

"All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows, and not otherwise:

"* * *

"G. Suits against any state officers as such shall be brought in the court of the county wherein their offices are located, at the capitol [capital] and not elsewhere."

That the defendants are state officers is not seriously controverted. There is no question but that they are. Pollack v. Montoya, 1951, 55 N.M. 390, 234 P.2d 336; and see §§ 53-1-5, 53-2-22 and 40A-1-13, N.M.S.A.1953. Insofar as the injunction is concerned, were the defendants sued as state officers "as such?" We believe that they were. It is apparent that the whole force of the injunction is to declare void the Game Commission regulation. For the purpose of the injunction, the naming of the individual defendants was of little purpose; they were merely agents of the Commission, whose official position required that they enforce the Commission's order. Thus, in effect, the trial court, by the issuance of this injunction, has nullified the act of the State Game Commission. In this context, we believe that the defendants were sued "as such" in their official position relating to the performance of the statutory functions of the Game Commission. See Tudesque v. New Mexico State Board of Barber

Examiners, 1958, 65 N.M. 42, 331 P. 2d 1104. Statutes which prescribe venue for suits against state officers, for acts done by virtue of thier office, control suits for acts done by them while purporting to act within the scope of authority or official capacity. See Annot. 48 A.L.R.2d 423, 433. These same rules apply to suits for injunction against such officers. State ex rel. State Bd. of Ed. v. District Court of Bryan County (Okl.1955), 290 P.2d 413; Cecil v. Superior Court, 1943, 59 Cal.App.2d 793, 140 P.2d 125; and Montana-Dakota Utilities Co. v. Public Service Commission, 1940, 111 Mont. 78, 107 P.2d 533.

 We conclude that, under the facts here present, the suit for injunction should have been filed in Santa Fe County and not elsewere. This "venue" statute is jurisdictional on its face. Compare Heath v. Gray, 1954, 58 N.M. 665, 274 P.2d 620; and State ex rel. State Highway Commission v. Quesenberry, 1964, 74 N.M. 30, 390 P.2d 273. And see Game and Fresh Water Fish Commission v. Williams, 1946, 158 Fla. 369, 28 So.2d 431. The claim by appellees that only venue is concerned and that the same was waived, has no merit. However, we take note of the fact that, with the very confused state of the pleadings, the question of venue was raised upon at least two occasions, although it does not appear to have been expressly ruled upon by the trial court.

The other contentions made by appellants are not reached by us, and we express no opinion thereon.

 Proceeding, then, to the cross-appeal, there is only one question presented, i. e., whether an officer of the state, who acts outside the scope of his authority and in so doing commits a willful and malicious tort, may be held liable for his actions. The answer must be in the affirmative. See 3 Davis, Administrative Law Treatise, §§ 26.03–26.05; Prosser, Torts, § 126, n. 93 (3d ed. 1964) and cases cited therein. See also Ulibarri v. Maestas, 1964, 74 N.M. 516, 395 P.2d 238; Vickrey v. Dunivan, 1955, 59 N.M. 90, 279 P.2d 853; and Cave v. Cooley, 1944, 48 N.M. 478, 152 P.2d 886. The complaint contained allegations of conspiracy, trespass, false arrest, conversion, unlawful coercion, and interference in the use of property, all claimed to have been committed with malice outside of the scope of the defendants' authority and without probable cause. On the basis of these allegations, the plaintiffs below would appear to have stated a cause of action, which, for the purpose of a motion to dismiss, should be taken as true. This portion of the complaint relates solely to the alleged acts of the defendants as individuals, and, if proven, would not preclude personal liability thereon. Since it is not asserted that

these alleged wrongful acts were committed by defendants while purporting to act within the scope of their official authority or capacity, the provisions of § 21-5-1(G), supra, are not applicable. Any questions relating to inverse condemnation, or consequential damages to the real estate involved, are not reached by us and we express no opinion. The instant case is not analogous to Summerford v. Board of Com'rs. of Dona Ana County, 1931, 35 N.M. 374, 298 P. 410, or Garver v. Public Service Company of New Mexico, 1966, 77 N.M. 262, 421 P.2d 788.

The judgment of the district court of Valencia County will be reversed, with directions to set aside the injunction heretofore rendered and dismiss the proceedings with reference thereto, and further to set aside its order of dismissal of the damage action as contained in the plaintiffs' third amended complaint, and otherwise to proceed in accordance herewith. It is so ordered.

COMPTON, J., OMAN, J., Court of Appeals, concur.