442 P.2d 584

STATE of New Mexico ex rel. BUREAU OF REVENUE; F. A. Vigil, Commissioner of Revenue; and George Case, Manager, District II, Bureau of Revenue, Petitioners,

v.

Honorable D. A. MacPHERSON, Jr., Respondent.

No. 8651.

Supreme Court of New Mexico.

June 17, 1968.

Boston E. Witt, Atty. Gen., Edward R. Pearson, Gary O'Dowd, Asst. Attys. Gen., Santa Fe, for petitioners.

Joseph H. Mercer, William H. Carpenter, Albuquerque, for respondent.

## OPINION

COMPTON, Justice.

The decisive question presented is whether venue in actions against state officers as such is limited to Santa Fe County. Section 21–5–1, N.M.S.A. 1953 (1967 P.S.), provides in part:

> "All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows, and not otherwise:
>
> \* \* \* \* \* \*
>
> "G. Suits against any state officers as such shall be brought in the court of the county wherein their offices are located, *at the capitol and not elsewhere.*" (Emphasis added)

During the period of August 1, 1963 through June 30, 1966, Bob's Inc. became liable to the State of New Mexico for emergency school taxes, municipal sales, compensating and withholding income taxes. In October 1966, Bob's Inc. and the Bureau of Revenue, pursuant to the provi-

sions of § 72–13–35, N.M.S.A. 1953 (1967 P.S.), entered into an agreement whereby Bob's Inc. agreed to discharge its tax liability in monthly installments, with a final payment on April 20, 1968. When Bob's Inc. defaulted in the payments pursuant to the agreement, the Commissioner of Revenue executed a warrant of levy on its property for the amount of taxes due, with interest. Thereupon, Bob's Inc. brought an action in the District Court of Bernalillo County against the Bureau of Revenue and its Commissioner attacking the amount of taxes allegedly due, and for injunctive relief against the Commissioner from interfering with the operation of the business of Bob's Inc. pending a hearing on its tax liability. At a hearing upon respondent's order to show cause, the respondent orally announced his decision to make the order permanent.

The Commissioner moved for a dismissal of the Bernalillo County action for lack of jurisdiction of the person and subject matter of the suit, which was denied. Upon petitioners' application, we issued an alternative writ restraining respondent from proceeding further and to show cause why the writ should not be made permanent. In due time response to the writ was made and the matter is now before us on the merits.

We think it is obvious that respondent was without jurisdiction to proceed and render judgment in the Bob's Inc. action filed in Bernalillo County. The statute is clear and unequivocal. It is jurisdictional on its face. Allen v. McClellan, 77 N.M. 801, 427 P.2d 677. Within the meaning of § 21–5–1, supra, the Bureau of Revenue is a state officer. Tudesque v. New Mexico State Board of Barber Examiners, 65 N.M. 42, 331 P.2d 1104, since it is charged with the administration and enforcement of the revenue laws through its Commissioner of Revenue. Section 72–13–16, N.M.S.A. 1953 (1967 P. S.). Its situs and that of the Commissioner of Revenue is the State Capitol Building, Santa Fe, New Mexico. Section 72–13–26, N.M.S.A. 1953 (1967 P.S.). The Commissioner of Revenue is a state officer, § 72–13–17, N.M.S.A. 1953 (1967 P.S.), and is being sued as such. Compare State ex rel. Attorney General v. Reese, 78 N.M. 241, 430 P.2d 399; State ex rel. State Highway Commission v. Quesenberry, 74 N.M. 30, 390 P.2d 273.

Respondent contends that since the Bureau of Revenue maintains an office in Bernalillo County, managed by George Case, venue is in Bernalillo County. This line of reasoning must be rejected; it flares in the face of the statute, which we deem to be conclusive. The fact that Case has the status as manager of the Albuquerque office does not confer venue.

Various subsidiary questions are raised by petitioners but a discussion of these is deemed unnecessary.

The writ should be made permanent, and it is so ordered.

CHAVEZ, C. J., and NOBLE, MOISE and CARMODY, JJ., concur.