480 P.2d 169

The STATE of New Mexico, ex rel. NEW MEXICO PROPERTY APPRAISAL DEPARTMENT, Haskel B. Smith, Director, Petitioner,

v.

The Honorable Kermit E. NASH, District Judge, Fifth Judicial District, Lea County, New Mexico, and Frank C. Smith, Respondents.

No. 9127.

Supreme Court of New Mexico.

Oct. 19, 1970.

James A. Maloney, Atty. Gen., James C. Compton, Jr., Asst. Atty. Gen., Santa Fe, for petitioner.

F. L. Heidel, Robert W. Ward, Lovington, for respondents.

OPINION

PER CURIAM:

In this matter, we have decided to make the alternative writ of prohibition permanent. The writ is directed to both respondents and its effect is to prevent the Honorable Kermit E. Nash, Judge of the Fifth Judicial District, Lea County, New Mexico, and Frank C. Smith, the County Assessor, from further proceeding in cause No. 30,322, filed in Lea County against the Director of the Property Appraisal Department and to void the order previously entered in the cause. By ch. 31, Laws 1970, the State Tax Commission became the Property Appraisal Department.

The facts are as follows: Respondent Smith, then the County Assessor for Lea County, was suspended from office effective September 8, 1970, by letter notice of August 26, 1970, from the Director, for wilful failure to follow the department's directive to use, in Lea County, the uniform state-wide assessment ratio of 33⅓% of full value of all tangible property for 1969 ad valorem taxes. Respondent Smith filed on September 1, 1970, cause No. 30,-322 against the Director. The action had two counts: the first claimed that the Notice of Proposed Suspension was void and, if he had been suspended, he should be reinstated; the second count was for an injunction and for a restraining order, to restrain the Director from suspending and interfering with his duties as a county assessor or appointing any other person to assume his duties. Judge Nash then issued a restraining order and required the Director to show cause at a time subsequent. Thereupon, the Attorney General, on behalf of the Petitioner, sought an alternative writ which we granted and which we have made permanent. 82 N.M. 278, 480 P.2d 168.

Our reasoning for making the writ permanent is as follows: Section 15–38–4, N.M.S.A.1953, confers jurisdiction upon the district court in Lea County where "Upon the suspension of an assessor by the commission, the assessor shall have the right to petition the district court of the county for which he was elected for an order directed to the commission to show cause why he should not be reinstated." Section 15–38–3 requires that the assessor shall be entitled to a hearing "upon which a written order shall be made by the commission." This hearing had not been had and therefore there could be no final order of suspension. No final suspension for which he would be entitled to sue for reinstatement under the limited jurisdiction of § 15–38–4 has occurred. Accordingly, there was no jurisdiction in the district court, at the time of filing cause No. 30,322, to test the suspension. Furthermore, cause No. 30,322 was filed on September 1, 1970. The notice of suspension clearly states that the suspension did not become effective until September 8, 1970. Cause No. 30,322 in effect complains of something which did not or could not have become effective until 7 days later. Therefore, the suit was premature.

We take judicial notice that the legal questions attacking the directive of the Director to use the uniform state-wide ratio of 33⅓% is the subject-matter of an appeal pending in this court.

We add that if the Director transcends his authority to suspend under § 15–38–3, supra, by failure to follow the statutory procedure then the respondent can avail himself of his proper remedy in the District Court for Santa Fe County. See § 21–5–1(G), N.M.S.A.1953 (1969 Supp.); State ex rel. Bureau of Revenue v. Macpherson, 79 N.M. 272, 442 P.2d 584 (1968).

The writ is made permanent and it is so ordered.

TACKETT, J., not participating.