509 P.2d 579

**Eldon I. HUTCHINS and Reynold I. Allgood, Plaintiffs-Respondents,**

**v.**

**Gordon C. TROMBLEY, as State Land Commissioner, and as Executive Officer of the State Board of Land Commissioners and as *Head of the Department of Public Lands,* and the State Board of Land Commissioners of the State of Idaho, Defendants-Appellants.**

**No. *10889.***

Supreme Court of Idaho.

April 4, 1973.

W. Anthony Park, Atty. Gen., Warren Felton, Asst. Atty. Gen., Boise, for defendants-appellants.

James E. Morgan, Morgan & Morgan, Lewiston, for plaintiffs-respondents.

BAKES, Justice.

Plaintiffs-respondents Eldon I. Hutchins and Reynold L. Allgood brought this declaratory judgment action in the district court for Clearwater County in March of 1968 against defendants-appellants Gordon C. Trombley, as State Land Commissioner and the State Board of Land Commissioners of the State of Idaho, without naming them individually, alleging that between December 29, 1965, and November 21, 1966, defendants in their official capacities executed and delivered to plaintiffs eight (8) leases on state lands in Clearwater County, Idaho, which granted plaintiffs the exclusive rights to mine this land for a ten year period. Plaintiffs further alleged that pursuant to these leases they conducted extensive discovery and exploratory work, made great expenditures and spent countless hours (which is disputed by the defendants, Tr. p. 558), that resulted in the discovery of 57,233,275 tons of high grade kyanite ore, and the possibility of an additional 60,583,640 tons of the kyanite ore.

Plaintiffs alleged that the defendants have harassed plaintiffs' possession of the leased premises in a number of ways and further alleged that on October 31, 1966, defendants formally notified plaintiffs in writing that certain lands were to be deleted from the leases, and that defendants would no longer accept the 25¢ per acre cash rental payments on the deleted lands.

Plaintiffs prayed that the trial court render a declaratory judgment adjudicating the respective rights and duties of the parties; declaring that the leases are valid ·and that defendant cannot delete any portion of the leases; and that plaintiffs are entitled to undisputed possession of the premises covered by the leases. Finally, plaintiffs prayed for costs, such other and further relief as the court shall find to be warranted, and for a writ of mandate, although the precise reason for the writ is not articulated.

The record reveals that the reason the defendants contend that certain lands (approximately 698 acres, Tr. p. 29) out of six

of the eight leases were to be deleted from the leased area is that these portions were part of the area to be inundated by the Dworshak Dam Reservoir and would not be subject to lease, claiming that it was earlier agreed between the State of Idaho and the federal government that the inundated areas were to be deeded to the federal government without reservation. (Exhibit E, Tr. p. 28). The deletion dispute exists only as to six of the eight leases. Leases 3992 and 4048 are not affected.

The plaintiffs contend that they were never informed of any deletions to the leases as a result of the Dworshak Dam pool; however, the defendants strongly contend that plaintiffs were completely informed of these deletions at the time the leases were executed and delivered and had agreed to the deletions. The defendants contend that due to a prior agreement with the federal government it has the right to make these deletions under Section 18 of the leases which provides:

"SURFACE RIGHTS:

18. There is reserved the right to lease, sell or otherwise dispose of the surface of the lands embraced within this lease for any purpose, grazing, mining, agricultural, or otherwise, insofar as said surface is not necessary for the use of the Lessee in the extraction and removal of the minerals therein, *and the Lessee also agrees to take this lease subject to any outstanding leases or contracts of sale by the State of Idaho of any kind whatsoever.*" (Tr. p. 120). (Emphasis supplied).

The record indicates that plaintiffs paid rent for three years under the leases. In 1969 the defendants contended that plaintiffs fell behind in their payments and on December 10, 1969, the defendants gave written notice that unless the payments were received by December 29, 1969, six of the leases would be cancelled. (Tr. pp.

584–584A). On December 30, 1969, plaintiffs filed a motion for an order *pendente lite* to enjoin the defendants from issuing notices of cancellation and to relieve plaintiffs from the requirements of payments of rentals. On April 13, 1970, the district court issued its order on plaintiffs' motion *pendente lite* and required that all rentals on the leases be deposited with the district court and enjoined the defendants from sending notices of forfeiture to plaintiffs so long as they deposited the rentals with the court. (Tr. p. 662).

Plaintiffs filed a motion for summary judgment on grounds that there were no genuine issues of material fact and that plaintiffs were entitled to a judgment as a matter of law. On November 19, 1970, the district court entered its order on the motion for summary judgment (Tr. pp. 700–701) granting plaintiffs a summary judgment, and holding that the leases were valid and that defendants cannot legally delete any of the lands in the leases.

On January 15, 1971, the defendants appealed to this Court from the orders entered below.

Appellants assign eight errors committed by the trial court which may be grouped into three headings as follows:

1. Six of the assignments relate to errors purportedly committed by the trial court in granting the order *pendente lite*, alleging several matters which will hereinafter be discussed.

2. The court erred in granting summary judgment in favor of the plaintiffs.

3. The court erred in denying defendants' motion to dismiss, which motion specifically raised the defenses of failure to state a claim upon which relief can be granted, lack of jurisdiction of the subject matter, lack of jurisdiction over the persons of the defendants, and the general denial of any wrongdoing on behalf of the defendants.[1]

---

1. The defendants never filed an answer in this matter. The case was decided by the court on summary judgment prior to the time of filing an answer by the defendants and the issues were framed by the complaint, the defendants' motion to dismiss, and the plaintiffs' motion for summary judgment. The record on the

*Assignments Relating to the Order
Pendente Lite*

█ We first consider those assignments of error dealing with the order *pendente lite* issued by the trial court on April 13, 1970, which ordered that the plaintiffs deposit all rentals, including the rentals on the two leases for which the state was claiming no deletions, with the district court and which further ordered that the defendants not serve notice of forfeiture unless the plaintiffs failed to deposit the full rental with the court. We are of the opinion that the district court improperly issued this order. First, the making of deposits of funds in the court is governed by Rule 67 of the Idaho Rules of Civil Procedure. That rule provides in part:

"In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money . . . a party, upon notice to every other party and by leave of court, may deposit with the court all or any part of such sum or thing. When it is admitted by the pleading, or shown upon examination of a party, that he has in his possession, or under his control, any money or other thing capable of delivery, which, being the subject of litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court may order the same, upon motion, to be deposited in court . . . ."

There is nothing in the pleadings in this action to indicate that any part of the relief sought was a judgment for a sum of money or disposition of a sum of money, or that any money was the subject of the litigation. The record discloses that the issue regarding the rentals under the leases arose because of a dispute between plaintiffs and defendants over whether or not the 25¢ per acre rental should be computed on the full acreage under the leases, without regard to the acreage deletions, or

should be computed upon the reduced acreage. Plaintiffs, who were claiming that the deletions were ineffective, contended that the full rental should be paid, whereas apparently the defendants refused to accept the full amount of the rentals, but insisted on a lesser amount computed upon the acreage in the leases after the deletions. However, nothing in those circumstances requires or permits a district court to take action under Rule 67 and take over the function of collecting rentals and holding them. This is particularly true in the case of leases numbers 4048 and 3992, neither of which was subject to any claim of deletions by the defendants. The district court's action was a misapplication of Rule 67.

While the record is not entirely clear, it does indicate that the plaintiffs may have attempted to pay the rental based upon the full acreage without any deletion, but that the defendants refused to accept the full amount, contending that the only rental due was based upon the acreage in the leases minus the deletions for the Dworshak Pool area. If, in fact, the plaintiffs did make a timely tender of the full amount, then such a tender upon their part would have prevented any default on the leases for lack of payment of rentals. Kelley v. Clark, 23 Idaho 1, 129 P. 921 (1912); Boise Lumber Company v. Independent School District, 36 Idaho 778, 214 P. 143 (1923); Dohrman v. Tomlinson, 88 Idaho 313, 399 P.2d 255 (1965). The problem of the disputed amount could have been avoided by the tender of payment in two checks, one being for the number of acres in the leases minus the deletions for the Dworshak Pool area, and the other for the rental for the acreage sought to be deleted by the defendants for the Dworshak Pool area. In any event, the appropriate remedy was the tender of the amounts due on the leases, and not the action which the plaintiff sought, and which the trial court took in assuming the collection of the rent-

hearing for motion for summary judgment consists of two volumes containing

over 700 pages of affidavits, depositions, exhibits and pleadings.

als and retaining them in the district court. That action was not a proper exercise of the powers granted to district courts under Rule 67.

■■ The order *pendente lite* was further defective in that it attempted to restrain a state officer from the performance of his statutory duty in violation of I.C. § 8–408, which provides in part:

"8–408. RESTRAINT OF STATE OFFICERS.—Where a duty is imposed by statute upon a state officer or officers, an injunction to restrain him . . from the performance of that duty, or to prevent the execution of the statute, *shall not be granted, except by the district court, sitting in the county in which the officer or officers are located, . .*" (Emphasis supplied).

This statute raises the issue of whether or not the district court of the Second Judicial District, in and for the County of Clearwater, can, while sitting in Lewiston, restrain a state officer located in Ada County from performing his duty under § 47–707 Idaho Code of Collecting the rental on state leases. In Williams v. Koelsch, 67 Idaho 341, 180 P.2d 237 (1947), this Court reviewed the notice provision of I.C. § 8–408 (at that time I.C.A. 6–408) and held that compliance with the statute was mandatory in order for a district court to have jurisdiction over a state officer. The defendants' motion to dismiss and objections to order *pendente lite* raised that issue in the trial court. The record indicates that the Land Commissioner lives in Ada County, and we take judicial notice that the state officers which comprise the State Land Board reside in Ada County and have their offices in Boise City (Idaho Const. Art. 9, Sec. 7; I.C. § 59–103). Therefore any action to enjoin the defendants would only be cognizable in the Fourth Judicial District Court for Ada County. Williams v. Koelsch, *supra*; State of New Mexico ex rel. Bureau v. MacPherson, 79 N.M. 272, 442 P.2d 584 (1968); Allen v. McClellan, 77 N.M. 801, 427 P.2d 677 (1967); State ex rel. Thie-

licke v. Superior Court for Thurston County, 9 Wash.2d 309, 114 P.2d 1001 (1941); Say v. Smith, 5 Wash.App. 677, 491 P.2d 687 (1971).

■ The order *pendente lite* was improperly issued for another reason. Rule 65(c) provides that no restraining order or preliminary injunction shall issue except upon giving a bond by the applicant in such sum as the court deems proper. Under I.C. § 8–405, prior to adopting Rule 65, I.R.C.P., our decisions held that the giving of the bond was mandatory, and that any restraining order issued without a bond was void. MacWatters v. Stockslager, 29 Idaho 803, 162 P. 671 (1917); Wakefield v. Griffiths, 45 Idaho 51, 261 P. 665 (1927). While the language of Rule 65(c) would seem to be mandatory, some federal courts in interpreting their Rule 65(c) have held that since the size of the bond is discretionary with the trial court the requirement of a bond in the first instance should also be discretionary. 3 Barron & Holtzoff, Federal Practice & Procedure, § 1435 and supplement. In view of our background and practice under I.C. § 8–405 which made the filing of a bond mandatory, we hold that before an injunction is issued under Rule 65 the giving of security by the applicant for the payment of costs, damages and attorneys fees as provided in Rule 65(c) is mandatory, unless the trial court makes a specific finding based upon competent evidence that no such costs, damages or attorneys fees will result to the restrained party as a result of a wrongful issuing of the injunction or restraining order. Since there is no such finding in this case, the trial court improperly issued the order *pendente lite* without requiring security as provided for in Rule 65(c). For all of the foregoing reasons the order *pendente lite* was erroneously entered by the district court.

*Assignment Regarding Summary Judgment*

■ Regarding the summary judgment of November 19, 1970, in which the trial court decreed that the leases were valid as

executed and that no withdrawals or deletions could be made by the defendants, we are of the opinion that this summary judgment must be reversed because the record discloses material issues of fact in dispute which prohibit the granting of summary judgment. Recently this Court in Straley v. Idaho Nuclear Corp., 94 Idaho 917, 500 P.2d 218 (1972), reiterated the pertinent general principles governing summary judgments and the guidelines to be followed in determining the propriety of an order granting summary judgment issued by a district court. In *Straley* we said:

> "Summary judgment is properly granted when 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' I.R.C.P. Rule 56(c). E. g. Bryan & Co. v. Kieckbusch, 94 Idaho 116, 482 P.2d 91, (1971). In determining whether any issue of material fact is in dispute, it is well settled that the facts should be liberally construed in favor of the party against whom summary judgment is sought. E. g. Jack v. Fillmore, 85 Idaho 36, 375 P.2d 321 (1962); Crane v. Banner, 93 Idaho 69, 455 P.2d 313 (1969)." 94 Idaho at 918, 500 P.2d at 219.

In the case at bar there are material facts at issue which prohibited the trial court from entering summary judgment in favor of plaintiffs. The major issue of fact in dispute revolves around the language in paragraph 18 of the lease which provides that "the Lessee also agrees to take this lease subject to any outstanding leases or contracts of sale by the State of Idaho of any kind whatsoever." The record discloses that there was such an agreement with the federal government, but the record is not clear whether it was finally consummated prior to or after the execution of the leases. There is no question but what the negotiations between the State of Idaho and the federal government preceded the leases, and that certain tentative understandings were entered into regarding property exchanges in relation to Dworshak Dam prior to the execution of the leases in question. From the record before us we cannot determine whether or not these negotiations between the State of Idaho and the United States Government had progressed to the point where they became "outstanding contracts of sale by the State of Idaho of any kind whatsoever" at the time the leases in question were entered into. This issue of fact must be resolved by a trial.

Another issue of fact revolves around whether or not there was an agreement between the plaintiffs and the defendants to delete the Dworshak Pool area from the leases at the time that the leases were negotiated, and whether or not one William Weaver was an agent of the plaintiffs and authorized by the plaintiffs to negotiate said deletions with defendants. The numerous affidavits and depositions disclose sufficient facts which raise this issue and also the issue of whether or not the plaintiffs should be equitably estopped from denying the right of defendants to make the deletions under the leases. Also, there appear to be factual issues regarding whether or not plaintiffs are in default under the leases for failure to timely pay the rentals due under the leases, and further whether or not the plaintiffs are in default under paragraph 3 of the leases for failure to commence actual mining operations within the 24 months of the execution of the lease. We make no comment regarding any of these issues of fact, other than that from our view of the record genuine issues of material fact do exist which prevent the entry of summary judgment as was done by the trial court. Straley v. Idaho Nuclear Corporation, *supra*; Bryan & Co. v. Kieckbusch, 94 Idaho 116, 482 P.2d 91 (1971).

*Assignment Regarding Motion to Dismiss*

█ Appellants' final assignment of error, i. e., that the court erred in denying appellants' motion to dismiss, needs some elaboration. Plaintiffs' complaint did al-

lege sufficient facts to state a cause of action for declaratory relief regarding the dispute between plaintiffs and defendants concerning the deletion of areas from the leases. The district court of the Second Judicial District for Clearwater County did have jurisdiction of the subject matter of that declaratory judgment action as prayed for in the complaint. Our venue statute, I.C. § 5–401, provides that actions for the determination in any form of a right or interest in real property shall be tried in the county in which the property is located, Clearwater County in this case. I.C. § 5–402 provides that venue of an action against a public officer is in the county where the cause, or some part thereof, arose. This Court has held that a cause of action questioning the conduct of a public official which is allegedly in excess of his authority arises in the county where the property affected by the action is located. State v. Lake Tavern, 73 Idaho 377, 252 P. 2d 831 (1953). Thus, in this declaratory action wherein the plaintiffs are attempting to obtain a determination that certain leases in Clearwater County are valid as executed, venue would lie in Clearwater County for that purpose. State v. Lake Tavern, *supra*. Sovereign immunity is no defense to an action involving state leases. I.C. § 5–328. Grant Construction Co. v. Burns et al., 92 Idaho 408, 443 P.2d 1005 (1968). Therefore, the motion to dismiss, as it relates to the cause of action for declaratory judgment is without merit and appellants' assignment of error in that regard fails.

If upon trial of this matter the plaintiffs feel that injunctive relief is necessary to preserve their rights in the leases, such action must be brought in the Fourth Judicial District for Ada County where the defendants reside. In that event upon proper motion, the district court of the Second Judicial District for Clearwater County has authority pursuant to I.C. § 5–406(3) to change the venue of the entire declaratory judgment action to the Fourth Judicial District if the court determines that the "ends of justice would be promoted by the change" so that the entire transaction may be handled in a single action and avoid a multiplicity of actions. Such a motion must be made within a reasonable time after the decision on this appeal becomes final. Sweeney v. American National Bank, 64 Idaho 695, 136 P.2d 973 (1943).

The summary judgment is reversed, the order *pendente lite* dissolved, and the matter remanded to the trial court for further proceedings consistent with this opinion.

Costs to appellant.

DONALDSON, C. J., McQUADE and McFADDEN, JJ., and SCOGGIN, District Judge, concur.