533 P.2d 736

**VALLEY VIEW FARMS, a partnership, Plaintiff-Respondent,**

v.

**Harold WESTOVER and Marcelene C. Westover, husband and wife, Defendants-Appellants.**

**No. 11439.**

Supreme Court of Idaho.

Dec. 23, 1974.

Robert F. McLaughlin, Mountain Home, for defendants-appellants.

William Frederick Ringert, of Anderson, Kaufman, Anderson & Ringert, Boise, for plaintiff-respondent.

BAKES, Justice.

Plaintiff-respondent Valley View Farms (hereinafter referred to as Valley View) brought suit against defendants-appellants Harold and Marcelene C. Westover, husband and wife, to establish, among other things, a right of way across Westover's property. During the pendency of the action, respondent Westover blocked the right of way and appellant Valley View moved for a preliminary injunction restraining the Westovers from blocking the right of way until the completion of a trial on the merits. A hearing was held on the motion for preliminary injunction. On the last day of the hearing the trial judge or-

dered that the Westovers be restrained until he reached his decision, and later the trial judge issued a written memorandum opinion in which he stated that the preliminary injunction should be granted. The trial judge did not require Valley View to post bond prior to his order or written decision. The Westovers have appealed on the ground that it was error to issue the injunction without requiring a bond and that the issuance of the injunction was not justified on the merits. Valley View argues that no injunction was actually ever issued, and that the appeal from the issuance of a preliminary injunction is not properly before the Court.

We believe the oral order of the trial court on the last day of the hearing and the statement in his written memorandum opinion constitutes the issuance of an injunction because it effectively restrained the Westovers.[1] Respondent moved to dismiss claiming that no appealable order had been entered. I.C. § 13–201 provides that, "An appeal may be taken to the Supreme Court . . . from an order granting . . . an injunction," which includes a preliminary injunction. Unity Light & Power Co. v. City of Burley, 83 Idaho 285, 361 P.2d 788 (1961). Therefore, this case is properly before us on appeal.

I.R.C.P. 65(c) provides that, "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant . . . ." This requirement for the posting of bond is mandatory. Hutchins v. Trombley, 95 Idaho 360, 509 P.2d 579 (1973). Thus, even though our review of the record shows that the district court did not abuse its discretion in issuing a preliminary injunction, it was error to issue it without requiring the appellant Valley View to post a bond. The cause is remanded to the district court to either require the posting of a bond by Valley View pursuant to I.R.C.P. 65(c) or to dissolve the injunction.

Remanded for further proceedings. No costs allowed.

SHEPARD, C. J., DONALDSON and McQUADE, JJ., and SCOGGIN, District Judge, concur.

---

1. In addition, the court minutes, dated April 25, 1973, and initialed by the district judge state:

"The Court ordered that the road in question be left open until a ruling is made on Plaintiff's Motion for Preliminary Injunction." (Clk.Tr. p. 53).