970 P.2d 512

Nikkie MILLER, Plaintiff–Appellant,

v.

BOARD OF TRUSTEES, Ririe Joint School District No. 252, and Board Members James Lovell, Lynette Miller, Clyde Cook, Blair Moncur and George Newby, in their official capacities, Defendants–Respondents.

No. 23720.

Supreme Court of Idaho,
Idaho Falls, May 1998 Term.

Dec. 22, 1998.

John E. Rumel, Boise, for appellant.

Marotz Law Office, Idaho Falls, for respondents. Scott W. Marotz argued.

Substitute Opinion the Court's Prior
Opinion Dated August 13, 1998,
is hereby withdrawn

SCHROEDER, Justice

This is an appeal from the district court's order denying in part Nikkie Miller's motion for a permanent injunction enjoining the Ri-

rie School District Board of Trustees (the Board) from participating in Miller's discharge hearing.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

Miller was principal of Ririe Elementary School. The superintendent recommended that the Board discharge Miller. Miller moved for a permanent injunction to enjoin the Board from participating in the discharge hearing on the grounds that the members of the Board were biased. The district court found that two of the five members were biased and enjoined them from participating in the hearing. The remaining members of the Board participated in the discharge hearing that was held.

Miller argues that: (1) the remaining three members of the Board were also biased and should have been enjoined from participating in the hearing; (2) because the district court partially granted her motion for a permanent injunction, she was the prevailing party and, therefore, she was entitled to attorney fees pursuant 42 U.S.C. § 1988(b); and (3) the district court erred in failing to reduce or eliminate the bond required in securing the injunction based on the public interest exception to the security requirement.

The Board contends that the issues raised by Miller are moot because her discharge hearing has been completed. The Board also raises the following issues on appeal: (1) the district court erred in enjoining the two members from participating in the discharge hearing, and (2) the district court erred in holding that the attorney fees recoverable by the Board should be limited to the amount of the bond that Miller posted. Miller contends that the additional issues raised by the Board should be dismissed because the Board did not file a cross-appeal as required by Idaho Appellate Rule (I.A.R) 15.

## II.

### STANDARD OF REVIEW

The standard of review regarding a grant or denial of an injunction is abuse of

discretion. *Milbert v. Carl Carbon, Inc.*, 89 Idaho 471, 479, 406 P.2d 113, 118 (1965). In the preliminary injunction context, where the injunction is based upon an erroneous conclusion of law, the appellate court may review the conclusion independently of the issue of abuse of discretion. *Farm Service Inc. v. United States Steel Corp.*, 90 Idaho 570, 587, 414 P.2d 898, 907 (1966). As to the application of law to undisputed facts, the Court exercises free review. *O'Loughlin v. Circle A Constr.*, 112 Idaho 1048, 1051, 739 P.2d 347, 350 (1987).

## III.

## MILLER'S REQUEST FOR INJUNCTIVE RELIEF IS MOOT.

■ Miller argues that the district court erred when it refused to enjoin the entire Board from participating in the hearing. "[U]pon a showing that there is a probability that a decisionmaker in a due process hearing will decide unfairly any issue presented in the hearing, a trial court may grant an injunction to prevent the decisionmaker from participating in the proceeding." *Johnson v. Bonner County Sch. Dist. No. 82*, 126 Idaho 490, 494, 887 P.2d 35, 39 (1994). However, under *Johnson*, Miller's motion to enjoin the Board is moot because the discharge hearing has been completed. In *Johnson* the appellant moved to enjoin a school board from acting as the decision maker in his discharge hearing because the board was biased. The Court held that "because [appellant's] discharge hearing had been completed, the trial court's dismissal of [appellant's] request for injunctive relief is moot." *Id.* at 492–93, 887 P.2d at 37–38. In this case the discharge hearing has also been completed. Miller's claim is moot and cannot be considered unless an exception to the mootness doctrine applies.

■ Miller argues that her case is subject to review under the public interest exception to the mootness doctrine. "Under this exception, if the issue is one of substantial public interest, the Court may address the issue for further guidance and direction even if the case is technically moot." *Committee*

*for Rational Predator Management v. Department of Agriculture*, 129 Idaho 670, 673, 931 P.2d 1188, 1191 (1997). *See also Johnson*, 126 Idaho at 492–93, 887 P.2d at 37–38. In *Johnson* the Court held that whether a trial court has the authority to enjoin a school board from participating in a hearing is an issue of substantial public interest. Miller argues that the issue in this case is also of substantial public interest. However, the issue of whether a trial court may enjoin the school board from participating in a hearing was decided in *Johnson*. An issue is no longer of substantial public interest if it has already been decided.

■ This Court has also held that "it is in the public interest to decide cases which are capable of repetition yet evading review." *Committee for Rational Predator Management*, 129 Idaho at 673, 931 P.2d at 1191. Miller contends that the issue in this case is capable of repetition yet evading review. However, the legal issue in this case—whether a court can enjoin a biased decision maker from participating in the decision making process—has not evaded review. It was decided in *Johnson*. The Court in *Johnson* also decided the applicable standard to determine whether a decision maker is biased. The only issue left undecided is whether there is a probability that the decision makers in this case who were not enjoined from participating in the discharge hearing would decide any issue presented in the hearing unfairly. This is a factual issue and, therefore, not capable of repetition.

## IV.

## MILLER IS NOT ENTITLED TO ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988(b).

Section 1988(b) provides: "In any action or proceeding to enforce a provision of section[ ] ... 1983 ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee...." 42 U.S.C. § 1988(b). "'The determination as to the prevailing party in an action is a matter committed to the sound discretion of the trial court, and the trial court's determination will not be disturbed absent an abuse of that

discretion.'" *J.R. Simplot Co. v. Chemetics Int'l, Inc.*, 130 Idaho 255, 257, 939 P.2d 574, 576 (1997) (quoting *Noble v. Fisher*, 126 Idaho 885, 892, 894 P.2d 118, 125 (1995)). *See also* I.R.C.P. 54(d)(1)(B). In determining whether the district court abused its discretion, this Court makes a three-tiered inquiry: "(1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason." *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

■ The district court held that Miller was not a prevailing party since her request for an injunction was only partially granted. Miller argues that she qualifies as a prevailing party because she obtained some relief on the merits. However, she did not succeed in enjoining the remaining members from conducting the discharge hearing. She has not shown that the district court abused its discretion in determining she was not the prevailing party.

Even if Miller were the prevailing party, it is within the district court's discretion to grant attorney fees. 42 U.S.C. § 1988(b). Again, Miller did not prove that the district court abused its discretion in denying an award of attorney fees. It is clear the district court perceived the issue of awarding attorney fees to the prevailing party as one of discretion and acted within the outer boundaries of that discretion, consistent with legal standards. The district court articulated the basis of its decision, indicating that it reached its decision by the exercise of reason.

## V.

## MILLER HAS NOT SHOWN AN ABUSE OF DISCRETION BY THE DISTRICT COURT IN DETERMINING THAT THE BOARD WAS THE PREVAILING PARTY ENTITLED TO COSTS AND ATTORNEY FEES.

■ Miller asserts that the district court should not have awarded the Board costs and attorney fees. The argument is premised upon the position that the Board was not the prevailing party. The Court has determined that the district court did not abuse its discretion in determining that Miller was not the prevailing party. Similarly, Miller has not shown that the district court abused its discretion in determining that the Board was the prevailing party entitled to costs and attorney fees. *See Hedger,* 115 Idaho at 600, 768 P.2d at 1333.

## VI.

## PURSUANT TO I. R.C.P. 65(c), MILLER WAS REQUIRED TO POST A SECURITY.

■ Idaho Rules of Civil Procedure (I.R.C.P.) 65(c) provides:

No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages including reasonable attorney's fees to be fixed by the court, as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Miller was required to give security in the amount of $15,000.

Miller urges the Court to apply an exception to Rule 65(c) that was recognized in *Hutchins v. Trombley*, 95 Idaho 360, 509 P.2d 579 (1973). *Hutchins* held that "Rule 65(c) is mandatory, unless the trial court makes a specific finding based upon competent evidence that no such costs, damages or attorney fees will result to the restrained party as a result of a wrongful issuing of the injunction or restraining order." *Id.* at 364, 509 P.2d at 583. In this case the district court did not make such a finding. Furthermore, Miller did not offer any proof that costs, damages or attorney fees would not result. In fact, the Board did incur attorney fees.

## VII.

## I.A.R. 15 PRECLUDES THE BOARD FROM BRINGING ADDITIONAL ISSUES ON APPEAL.

■ Pursuant to I.A.R. 15 a respondent is required to file a cross-appeal if

affirmative relief by way of reversal, vacation or modification of the judgment is sought. "Although a respondent can make any argument to *sustain* a lower court judgment, the respondent must timely file a cross-appeal in order to seek a change in the judgment." *Bewley v. Bewley,* 116 Idaho 845, 847, 780 P.2d 596, 598 (Ct.App.1989) (emphasis in original). "In Idaho, a timely notice of appeal or cross-appeal is a jurisdictional prerequisite to challenge a determination made by a lower court. Failure to timely file such a notice 'shall cause automatic dismissal' of the issue on appeal." *Carr v. Carr,* 116 Idaho 754, 757, 779 P.2d 429, 432 (Ct.App. 1989) (citations omitted).

■ In this case the Board seeks to reverse the district court's judgment, arguing that two members of the Board should not have been enjoined from participating in the hearing and that the district court erred in holding that the attorney fees recoverable by the Board were limited to the amount of the bond that Miller posted. However, the Board did not file a cross-appeal. The Board is seeking a change in judgment rather than arguing to sustain the lower court's judgment. The issues are not properly before the Court and will not be considered.

## VIII.

### CONCLUSION

The district court's order denying in part and granting in part Miller's motion for a permanent injunction is affirmed on the basis that the issues are moot. Consequently, there is no issue preclusion based upon the decision in the district court or the decision of this Court. The decisions of the district court on the issues of attorney fees and the requirement of security are affirmed. Costs are awarded to the Board. No attorney fees on appeal are allowed.

Chief Justice TROUT, Justices JOHNSON, SILAK and WALTERS, CONCUR.